IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ALLEN BRADLEY                                                                                          PLAINTIFF

v.                                        No. 4:10-cv-2019-DPM

LITTLE ROCK WASTEWATER UTILITY;
and DALE GILBERT, in his individual and
official capacities as a Supervisor of the
Little Rock Wastewater Utility                                                                DEFENDANTS

ORDER

Allen Bradley sued his former employer, Little Rock Wastewater Utility, and his former supervisor there, Dale Gilbert, alleging violations of the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Rehabilitation Act, and the Family Medical Leave Act. Little Rock Wastewater and Gilbert seek summary judgment. Taking the record in the light most favorable to Bradley, *Rynders v. Williams*, 650 F.3d 1188, 1194 (8th Cir. 2011), the Court sees no genuine disputes of material fact. And for various reasons, each of Bradley's claims fails as a matter of law.

1. Bradley's claims under the ADA and ADEA are time-barred. Both of these statutory regimes require a plaintiff to file an administrative charge within 180 days of the alleged unlawful employment practice. 42 U.S.C. §§

2000e-5(e) & 12117(a) (ADA); 29 U.S.C. § 626(d)(1)(A) (ADEA). Bradley's claims were not filed within his 180-day window, which he acknowledges in his papers. *Document No. 30, at 1*. Little Rock Wastewater and Gilbert are therefore entitled to summary judgment.

**2.** Although conceding they were tardy, Bradley argues that his ADA and ADEA claims can be brought under Title II of the ADA or 42 U.S.C. § 1983. *Document No. 30, at 1*.

His attempt to obtain relief via § 1983 fails. Because the ADA provides a "comprehensive remedial scheme," the Eighth Circuit has held that Congress "indicated an intention to make the remedies that Title II itself gives the exclusive ones for the enforcement of that subchapter," thus precluding a § 1983 claim. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011 (8th Cir. 1999) (*en banc*) (quotations omitted). And although the Eighth Circuit has not specifically passed on the issue, Bradley cannot pursue his ADEA claim through § 1983 for the same reason. *Ahlmeyer v. Nevada System of Higher Education*, 555 F.3d 1051, 1056–57 (9th Cir. 2009) (collecting cases and noting that "every other circuit to consider the question" has held that "the ADEA

is the exclusive remedy for age discrimination in employment claims[.]"). The Court is persuaded by this well-reasoned, albeit non-binding, precedent.

Whether Bradley may bring his disability-discrimination claims under Title II alone is a murkier question. Title II prohibits discrimination by "public entities." This prohibition may or may not apply in the employment context. *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 360 n.1 (2001) (noting, without resolving, the circuit split on this issue). The Eighth Circuit has not yet spoken on the point. Rather than wandering into this thicket, the Court will address Bradley's disability claims on the merits.

Although the parties spent much time arguing about how to analyze Bradley's various claims—disparate treatment, failure to accommodate, and retaliation—the Court concludes that Bradley has not answered the more fundamental question: whether he was a "qualified individual" entitled to the protections of the ADA. *See* 42 U.S.C. §§ 12111(8) & 12131(2). To establish his *prima facie* case, Bradley must show that he "was disabled, was qualified to perform the essential functions of [his] job with or without reasonable accommodation, and was terminated under circumstances that raise an inference of unlawful disability discrimination." *Mole v. Buckhorn Rubber*

*Products, Inc.*, 165 F.3d 1212, 1216 (8th Cir. 1999). Further, to invoke the protections of the ADA, Bradley must establish that his "work performance met the employer's legitimate job expectations, with or without reasonable accommodation." *Id.* at 1217 (quotation omitted).

Bradley has not made his *prima facie* case on the undisputed facts. The record is replete with appraisals rating Bradley's work as sub-par. *Document Nos. 19 & 20, and attached exhibits.* Then there is the sworn testimony of Bradley's fellow Senior Instrument Technician: Bradley lacked attention to detail, was delivering a poor-quality work product, and generally grew to have "no desire to do anything correctly." *Document No. 20-29, at 2.* And there are the written warnings and disciplinary action taken against Bradley in 2009. The record makes plain that Bradley was no longer carrying his weight as an employee of Little Rock Wastewater.

Like the Buckhorn Rubber Products company, Little Rock Wastewater "documented serious performance deficiencies" that demonstrated Bradley's "diminished or deteriorated abilities" in his job. *Mole*, 165 F.3d at 1217. And Bradley has not shown how an accommodation would have addressed his job-related deficiencies or helped him meet Little Rock Wastewater's

-4-

legitimate job expectations. Even if the matter is analyzed solely under Title II, because Bradley has not shown he was a qualified individual entitled to the ADA's safeguards, Little Rock Wastewater and Gilbert are entitled to summary judgment on Bradley's disability claims.

3. Bradley also attempts to assert his claims under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. He rightly says that, unlike the ADA and the ADEA, the Rehabilitation Act does not require exhaustion in this instance, and thus he may proceed in court without first filing an administrative charge. *Monahan v. Nebraska*, 687 F.2d 1164, 1169 (8th Cir. 1982). But the Rehabilitation Act differs from the ADA in its "requirement that a person's disability serve as the *sole* impetus for a defendant's adverse action against the plaintiff." *Wojewski v. Rapid City Regional Hospital, Inc.*, 450 F.3d 338, 344 (8th Cir. 2006) (emphasis original); *see also Amir v. St. Louis University*, 184 F.3d 1017, 1029 n.5 (8th Cir. 1999).

Bradley's case cannot get past the sole-impetus criterion. His amended complaint alleges that he was fired "in part due to his disability," and "in part due to his age," and "in part due to the fact he was entitled to FMLA leave[.]" *Document No. 15, at 4*. The undisputed facts — especially Bradley's many sub-

par employee evaluations — establish that Bradley's alleged disabilities were not the *sole* impetus for his termination. Because Bradley has not met this "heightened requirement[]" of Section 504, *Amir*, 184 F.3d at 1029 n.5, his Rehabilitation Act claim fails.

**4.** Bradley also alleges interference and retaliation under the Family Medical Leave Act related to his hip injury. Once again, however, the Court concludes he has not established the basic requirements to obtain relief. "In order to state a claim for interference under the FMLA, [Bradley] must have given notice of [his] need for FMLA leave." *Phillips v. Mathews*, 547 F.3d 905, 909 (8th Cir. 2008); *see* 29 C.F.R. § 825.302(a). Bradley concedes that he never "ask[ed] for FMLA leave" and did not "go to HR and talk about any leave that [he] needed to recover from an injury." *Document No. 20-1, at 3-4 (Bradley Depo. at 14:20-15:3).*[1] Considered both formally and informally, Bradley did not notify Little Rock Wastewater that he needed FMLA leave.

Bradley's diabetes, which he often pointed to when he was late or

---

[1] To the extent that Bradley attempts to evolve his argument into one that he did not get notice of his FMLA rights from Little Rock Wastewater, the argument is unavailing. *Document No. 31, at 9*. The utility's Employee Handbook, which Bradley received, contains almost seven pages about the employees' FMLA rights and procedures. *Document No. 32-1*.

missed work, does not connect with any FMLA violation. Gilbert, Bradley's supervisor, knew Bradley was diabetic. The Court need not explore whether Gilbert's knowledge was "notice" to Little Rock Wastewater under the FMLA. Bradley's diabetes-related absences were short and sporadic—the record contains no evidence that his diabetic incapacity ever exceeded three days. These absences therefore never constituted a sufficient period of incapacity that would require FMLA leave. *Thorson v. Gemini, Inc.*, 205 F.3d 370, 376-77 (8th Cir. 2000). Of course Bradley's diabetes was not insignificant and it required medical care from time to time; but those are not all the criteria under the FMLA. Absent work incapacity for more than "three consecutive, full calendar days," no serious health condition—as the regulations define that term—existed. 29 C.F.R. §§ 825.115(a); 825.800 (definitions).

Bradley has also failed to make a *prima facie* case for FMLA retaliation. He has not shown a causal link between the purported protected activity and his firing. "[T]he time lapse between an employee's protected activity and the employer's adverse action is an important factor when evaluating whether a causal connection has been established." *McBurney v. Stew Hansen's Dodge City, Inc.*, 398 F.3d 998, 1003 (8th Cir. 2005) (six-month interval between

employee's return from FMLA leave and his transfer diluted any inference of causality). More than ten months elapsed between the period of FMLA-related activity during Bradley's employment and his firing. This gap weighs decidedly against any supposed retaliatory motive. Moreover, Little Rock Wastewater's performance-based reasons for terminating Bradley further erode the potential inference of any causal relationship between Bradley's FMLA rights and his termination. Summary judgment on the FMLA claims is therefore warranted.

5. A final point. In the middle of the summary-judgment briefing, and after the deadline for amending pleadings, Bradley moved to amend his complaint a second time "to state a claim under state law for age discrimination" under Arkansas Code Annotated §§ 21-3-201 & -203. *Document Nos. 8 & 27, at 1.* Bradley argued that a recent Arkansas Supreme Court decision announced a "change in the law," thus "constitut[ing] 'good cause' to allow [Bradley] to amend the Complaint." *Ibid.* This is incorrect. *Douglas v. First Student, Inc.*, 2011 Ark. 463, did not change any law about the statute of limitations under Arkansas's age-discrimination statute. Rather, the Arkansas Supreme Court declared that it "traditionally applied" a three-year

limitations period to statutorily created liabilities without express limitations periods, and therefore was merely "reaffirm[ing] our precedent" and "long history" on that issue. *Id.* at 6. No good cause exists for a belated amendment. The Court therefore denies Bradley's second motion to amend.

\* \* \*

The Defendants' motions for summary judgment, *Document Nos. 18 & 22*, are granted. Bradley's amended complaint is dismissed with prejudice. Bradley's second motion to amend, *Document No. 27*, is denied.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

<u>20 January 2012</u>